# WILLIAM D. PORTER *v.* ROBERT H. ELAM.

COMPLAINT.—A complaint upon a promissory note, the collection of which is barred by the Statute of Limitations, contains a cause of action if it alleges that the defendant has, some time within four years of the day the suit was commenced, "in writing, acknowledged and promised to pay the note." Such allegation imports that the defendant signed his name to the writing.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*John Reynolds*, for Appellant.

*N. Bennett*, for Respondent.

By the Court, SHAFTER, J.

The complaint in this case contains three counts, framed upon three several promissory notes executed by the defendant to one Gray, and by him indorsed to the plaintiff.

The defendant demurred to the first count, on the ground that it appeared that the note described therein was barred by the Statute of Limitations. The demurrer was overruled.

The defendant answered the last two counts, and, on motion, the answer was stricken out by the Court, on the ground that the complaint was sworn to and the answer was not.

Judgment was entered for the plaintiff on all the counts, and the defendant appeals.

1. As to the demurrer. The note described in the first count fell due on the 19th of November, 1858, and the complaint was filed on the 19th of March, 1863. The count contains the following averment: "The said defendant has, since the 4th day of October, 1859, in writing acknowledged and promised to pay the same (the note) but has wholly neglected so to do." It is insisted for the appellant that the averment does not amount to an avoidance of the statute, for the reason that it is not stated in terms that the written promise alleged "was signed by the defendant."

No case is cited in support of the objection, except *Pena* v. *Vance*, 21 Cal. 142; but that case merely decides that there can be no written promise or acknowledgment without a signature. All that may be admitted, but it would have no effect to determine the question of pleading raised by the demurrer in favor of the appellant. We accept the view of the defendant's counsel as correct, that all the facts essential to the avoidance should be stated; and there can be no doubt, under the decision, that the signature of the party to the written promise or acknowledgment is essential. But we consider the allegation that the "defendant has in writing acknowledged and promised to pay, etc.," involves the very fact which counsel assumes to have been omitted. A man may promise

verbally to fulfil certain stipulations previously noted in a written memorandum, but he cannot "promise in writing" without affixing his signature to the written promise; and the case of *Pena* v. *Vance*, cited for the appellant, favors the correctness of this conclusion.

2. It is further insisted that the Court erred in striking out the defendant's answer to the last two counts; and the reason assigned is, that the complaint was not sworn to in legal effect.

We have examined the affidavit and find it to be in strict conformity to the requirements of the Practice Act.

The judgment is affirmed; and it appearing to the Court that the appeal must have been taken for delay, on claim by respondent, ten per cent of the judgment below is added to the costs by way of damages.

Mr. Justice CURREY, having been of counsel, did not sit on the hearing of this case.